IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SEAN JOHNSON,<br>Plaintiff,<br><br>v.<br><br>CITY OF ATLANTA FIRE AND RESCUE DEPARTMENT, RODERICK M. SMITH, JAMES MCLEMORE, AND DEREK HARRIS, IN THEIR INDIVIDUAL CAPACITIES,<br>Defendants. | Civil Action No.<br><br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

COMES NOW Sean Johnson, ("Plaintiff" or "Mr. Johnson"), by and through undersigned counsel, and files this, Complaint for Damages, and shows the Court as follows:

**NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages, and reasonable attorney fees against ("the City of Atlanta Fire and Rescue Department") for violations of rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 et seq. ("ADA").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, 42 U.S.C. § 2000e-5(f), 28 U.S.C. §§ 1343, and 42 U.S.C. § 1981.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, 42 U.S.C. §1981, and 42 U.S.C. §2000e-5(f), venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under the ADA. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 6, 2022; the EEOC issued its Notice of Right to Sue on March 26, 2024.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

6.

Plaintiff Sean Johnson is a citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

At all such times, Plaintiff was an "employee" of as defined under the ADA at 42 U.S.C. § 12111(4). During all times relevant hereto, had employed fifteen (15) or more employees for the requisite duration under the ADA. Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5). is now and, at all times relevant hereto, has been a for-profit entity engaged in an industry affecting commerce.

9.

Defendant may be served with process by delivering a copy of the summons and complaint to the Mayor of the City of Atlanta at 55 Trinity Avenue Suite 5000 Atlanta, Georgia 30303.

## FACTUAL ALLEGATIONS

10.

Plaintiff, Mr. Sean Johnson ("Plaintiff"), began his employment with Defendant, City of Atlanta ("Defendant"), on December 10, 1998, as a Fireman.

11.

At all times relevant to this action, Plaintiff held the rank of Battalion Chief.

12.

In the last week and a half of August 2021, Plaintiff was exposed to COVID-19 at fire stations in the course of performing his job duties.

13.

Subsequently, on or about August 30, 2021, Plaintiff was also exposed to an airborne toxic pesticide while on duty.

14.

As a result of these exposures, Plaintiff developed severe "long-Covid" symptoms.

15.

August 30, 2021, marked Plaintiff's final shift worked, and he missed his first shift on September 2, 2021.

16.

Plaintiff attempted to see a physician employed by Defendant on September 1, 2021, but was turned away due to presenting Covid-like symptoms.

17.

Plaintiff experienced severe symptoms due to his condition and consequently exhausted his leave protected under the Family and Medical Leave Act ("FMLA").

18.

On March 14, 2022, Plaintiff requested a light-duty assignment or administrative assignment as an accommodation for his condition.

19.

Defendant denied Plaintiff's request for accommodation on the grounds that they only provide light-duty assignments to firefighters injured in the line of duty.

20.

Defendant has a policy of requiring accommodation of on-the-job injuries for its employees, and Plaintiff was injured on-the-job.

21.

To Plaintiff's knowledge, no firefighter who suffered from Covid was deemed injured in the line of duty, despite confirmed transmission at fire stations.

22.

Plaintiff asserts that due to his high rank, he could have been easily accommodated in a light-duty or administrative assignment without undue hardship to Defendant.

23.

Plaintiff further believes he was discriminated against based on a class of disability because all Covid-related disabilities were automatically mischaracterized as unrelated to the job by Defendant.

24.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

25.

Plaintiff requested a reasonable accommodation of disabilities.

26.

Specifically, transfer to a position with light duty work or an adminstrative assignment.

27.

Defendant failed to engage in the interactive process with Plaintiff, even though doing so would not have been an undue hardship.

28.

But for disability status and/or request for a reasonable accommodation of the same, Plaintiff would not have suffered the adverse employment action.

29.

Plaintiff was treated less favorably in the terms or conditions of employment than others outside of protected class, i.e. non-disabled employees and/or employees who did not request a reasonable accommodation for their disability.

## CLAIMS FOR RELIEF

## COUNT I:  DISABILITY DISCRIMINATION IN VIOLATION OF ADA

(Against all Defendants)

30.

Plaintiff re-alleges paragraphs 1-29 as if set forth fully herein.

31.

Plaintiff had a Physical impairment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, working, and standing.

32.

Plaintiff's Physical impairment is a "disability" within the meaning of the ADA, as amended.

33.

Defendant was aware of Plaintiff's disability.

34.

Defendant regarded Plaintiff as having a disability such that Plaintiff is a person with a disability and/or perceived disability within the meaning of the ADA, as amended.

35.

Plaintiff has a record of having a disability and/or perceived disability such that < is a person with a disability within the meaning of the ADA, as amended.

36.

At all times relevant to this action, was a qualified individual with a known or perceived disability as defined in the ADA.

37.

By failing to accommodate Plaintiff's disability, perceived disability, or record of having a disability, Defendant violated the ADA, as amended.

38.

Although purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

39.

Defendant treated other employees outside protected class differently.

40.

Defendant's actions in subjecting to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

41.

Defendant has willfully and wantonly disregarded rights, and discrimination against was undertaken in bad faith.

42.

The effect of the conduct complained of herein has been to deprive of equal employment opportunity and has otherwise adversely affected status as an employee because of disability.

43.

As a direct and proximate result of Defendant's violation of the ADA, has been made the victim of acts that have adversely affected psychological and physical well-being.

44.

As a result of discriminatory actions against Plaintiff, Plaintiff has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

45.

Pursuant to the ADA, as amended, is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

46.

Defendant discriminated against , and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff

47.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

**COUNT II:  FAILURE TO ACCOMMODATE IN VIOLATION OF ADA**

(Against all Defendants)

48.

Plaintiff re-alleges paragraphs 1-29 as if set forth fully herein.

49.

Plaintiff has a Physical impairment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, and standing.

50.

Plaintiff's Physical impairment is a "disability" within the meaning of the ADA, as amended.

51.

Defendant was aware of disability.

52.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

53.

Plaintiff was able to perform the essential functions of job with a reasonable accommodation.

54.

Plaintiff requested that Defendant accommodate his disability by transfer to a position with light duty work.

55.

Upon receiving request for an accommodation, Defendant failed to meaningfully engage in the interactive process with regarding request for a reasonable accommodation of disability.

56.

Defendant refused to provide with reasonable accommodations, even though to do so would not impose an undue hardship.

57.

By refusing to accommodate , Defendant violated the ADA, as amended.

58.

Defendant has willfully and wantonly disregarded rights, and failure to accommodate disability was undertaken in bad faith.

59.

The effect of the conduct complained of herein has been to deprive of equal employment opportunity and has otherwise adversely affected status as an employee because of disability.

60.

As a direct and proximate result violation of the ADA, has been made the victim of acts that have adversely affected psychological and physical well-being.

61.

As a result of discriminatory actions against, Plaintiff has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

62.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

63.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

64.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein;

(i) Compensation for lost compensation, back pay, wages and employment-related benefits;

(j) Liquidated damages; and

(k) All other relief to which may be entitled.

**BARRETT & FARAHANY**

s/ *Kate A. Cantolina*
Kate A. Cantolina
Georgia Bar No. 794526

*Counsel for Plaintiff*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
kate@justiceatwork.com